UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA HERTA,<br><br>                           Plaintiff,<br><br>v.<br><br>TERRIE E. ROBERTS,<br><br>                           Defendant. | Case No.: 24-CV-1698 JLS (BLM)<br><br>**ORDER GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **AND DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>(ECF Nos. 1 & 2) |

Presently before the Court is Plaintiff Maria Herta's Complaint ("Compl.," ECF No. 1), and Motion to Proceed *In Forma Pauperis* ("IFP Mot.," ECF No. 2). Having considered both documents and the law, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

### IFP MOTION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite the plaintiff's failure to

---

[1] In addition to the $350 statutory fee, all parties filing civil actions must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec 1, 2023).  However, the additional administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

prepay the entire fee only if she is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Plaintiff has submitted the necessary affidavit as part of her IFP Motion. *See* IFP Mot. at 1. Plaintiff's affidavit notes that she is homeless and receives no income. *Id.* at 1–2. Her only asset appears to be a 2006 Mazda 5, and she procures her food and clothing by donation. *Id.* at 4. Given the foregoing, the Court concludes that Plaintiff's application demonstrates she is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

## SCREENING

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). In addition, the Court must liberally construe a pro se litigant's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 521–22 (1972).

In the present case, the Court construes Plaintiff's Complaint as bringing suit under 42 U.S.C. § 1983. Although Plaintiff does not reference Section 1983 nor clearly articulate a recognized cause of action, she asserts that Defendant, a judge of the San Diego Superior Court, violated Plaintiff's right to due process of law when Defendant ruled on Plaintiff's custody dispute by ignoring substantial evidence and failing to provide adequate service and notification. Compl. at 3. In the verbiage of Section 1983, Plaintiff alleges Defendant deprived her of her constitutional rights under color of state law. To that end, Plaintiff seeks relief in the form of a reevaluation of the custody order and the awarding of punitive damages. *Id.*

However, Plaintiff's claim against Defendant is for actions taken in her judicial capacity, and "[t]he governing principle of law is well established . . . that 'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts . . . .'" *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 362. Abiding by proper evidentiary or service rules fits neatly within the subset of "judicial" acts, thereby immunizing Defendant in this case from civil liability. Although there may well be other deficiencies in Plaintiff's

complaint, this alone is sufficient to warrant dismissal of Plaintiff's claim.

## CONCLUSION

Given the foregoing, Plaintiff's IFP Motion (ECF No. 2) is **GRANTED** and her Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. Although the Court entertains serious doubts that Plaintiff will be able to cure her Complaint through amendment, Plaintiff is nonetheless **GRANTED LEAVE TO AMEND** her Complaint. Plaintiff **SHALL FILE** an amended Complaint, if any, <u>within forty-five days of the date on which this Order is electronically docketed</u>. If Plaintiff does not so file within the allotted time, Plaintiff's case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: October 10, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge