UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA HERTA,<br><br>                    Plaintiff,<br><br>v.<br><br>TERRIE E. ROBERTS,<br><br>                    Defendant. | Case No.: 24-CV-1698 JLS (BLM)<br><br>**ORDER DENYING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS AND DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>(ECF Nos. 5, 6) |

Presently before the Court are Plaintiff Maria Herta's Motion for Leave to Electronically File Documents ("Mot.," ECF No. 5), and Response to Order on Motion to Proceed *In Forma Pauperis* and Complaint ("Resp.," ECF No. 6). Having considered both documents and the law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Leave to Electronically File Documents and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

**MOTION FOR LEAVE TO ELECTRONICALLY FILE**

Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." S.D. Cal. CivLR 5.4(a). With respect to *pro se* litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form." Office of the Clerk, United States District Court for the Southern District of

California, *Electronic Case Filing Administrative Policies and Procedures Manual*, § 2(b) (July 22, 2024) [hereinafter, "*ECF Manual*"], *available at* https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Procedures%20Manual.pdf. "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *Id.* The manual refers to the Court's official web site for CM/ECF technical specifications, *id.* § 1(i), which include a "[c]omputer running on Windows or Macintosh"; "[s]oftware to convert documents from a word processor format to portable document format (PDF)," such as "Adobe Acrobat Reader 7.0 or higher"; "[i]nternet access supporting a transfer rate of 56kb or higher"; a compatible browser, such as "Firefox 15, Internet Explorer 9, and Safari 5.1/6 or later version"; a "[s]canner to image non-computerized documents 400 pixels per inch (ppi)"; and a PACER account. United States District Court, Southern District of California, CM/ECF Information: General Info, https://www.casd.uscourts.gov/cmecf.aspx#undefined1 (last visited Nov. 13, 2024) [hereinafter, "CM/ECF: General Info"].

Plaintiff indicates that she has access to some, but not all, of the technical specifications referred to above. Although she represents that she has regular access to internet, a compatible browser, and an email account, she has not assured the Court that she has access to a computer, PDF conversion software, or a document scanner. Mot. at 1. Thus, because paper filing is the default for *pro se* litigants and it is incumbent on Plaintiff to demonstrate that access to CM/ECF is warranted, *see ECF Manual* § 2(b), the Court is not comfortable extending access to Plaintiff at this time. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.

## SCREENING

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief

may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). In addition, the Court must liberally construe a *pro se* litigant's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 521–22 (1972).

Plaintiff initiated this action on September 23, 2024, when she brought suit under 42 U.S.C. § 1983 against San Diego Superior Court Judge Terrie E. Roberts for multiple constitutional violations arising out of a custody dispute. *See* ECF No. 1 ("Compl."). Because Plaintiff is proceeding in this action *in forma pauperis*, the Court conducted a *sua sponte* screening of the Complaint and concluded that the Complaint must be dismissed

1 under the doctrine of judicial immunity. *See* ECF No. 3 ("Order") at 3–4 (citing *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978)). Despite expressing skepticism about Plaintiff's ability to cure her Complaint, the Court granted Plaintiff forty-five (45) days to file an amended complaint. *Id.* at 4.

Plaintiff then timely filed a Response to Order on IFP Motion and Complaint, ostensibly in response to the Court's Order. *See* Resp. Although styled as a Response as opposed to an amended complaint, it is clear that Plaintiff's intention was to file an amended complaint and, indeed, the Response satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a). *See* Fed. R. Civ. Proc. 8(a) (requiring a pleading to contain a short and plain statement of the jurisdictional grounds, a short and plain statement of the claim, and a demand for relief). Thus, under the liberal pleading standard extended to *pro se* litigants, the Court construes the Response as an Amended Complaint and proceeds to screen it as such. *See Lopez*, 203 F.3d at 1131.

Plaintiff's initial Complaint left vague precisely which of Defendant's actions she was challenging, but her Amended Complaint brings more clarity to the picture. The Amended Complaint now identifies four concrete actions that allegedly constituted violations of Plaintiff's constitutional rights. Those actions are: (1) removing Plaintiff from the courtroom during a legal proceeding, (2) conducting a hearing without adequate notice, (3) wrongfully altering custody arrangements, and (4) improperly reopening a custody matter. Resp. at 3. According to Plaintiff, these actions violated her Fifth, Fourteenth, Ninth, and Tenth Amendments, respectively. *Id.*

Although Plaintiff's allegations are now more refined, the Court again concludes that Defendant is immune from suit under the doctrine of judicial immunity. "The governing principle of law is well established . . . that 'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts . . . .'" *Stump*, 435 U.S. at 355–56. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."

*Id.* at 362. Here, as before, all of Plaintiff's allegations describe judicial acts, thus shielding Defendant from civil liability.

Plaintiff's case citations in her Response are unavailing. Plaintiff invokes *Stump v. Sparkman* for the proposition that "[j]udicial actions taken without jurisdiction can violate due process," and she suggests that the Superior Court lacked jurisdiction over her paternity proceedings due to inadequate notice. Resp. at 2–3. True, "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (first citing *Stump*, 435 U.S. at 356–57; and then citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). But "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge," and "he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356–57 (citing *Bradley*, 80 U.S. at 351). Where, as here, the subject matter at issue is properly within the jurisdiction of the judicial defendant, there can be no "clear absence of all jurisdiction." *Bradley*, 80 U.S. at 354; *see also Stump*, 435 U.S. at 357 n.7. Thus, for purposes of judicial immunity, an allegation of inadequate notice is insufficient to evade immunity. *See, e.g.*, *Ballester v. Boucek*, Nos. 3:23-cv-1730-RBM-VET, 3:23-cv-01839-RBM-VET, 2024 WL 2218989, at *10 (S.D. Cal. May 14, 2024) ("[H]olding a hearing [*ex parte*] without a party present . . . falls squarely within [the judge's] judicial capacity.").

Nor does *Pierson v. Ray*, 386 U.S. 547 (1967), support Plaintiff's position. That case stands for the unremarkable proposition that judicial immunity remained unaffected by the passage of the Civil Rights Act of 1871, which is the Act that conceived civil liability under 42 U.S.C. § 1983. *Id.* at 554–55. Indeed, in *Pierson* the Court recognized that "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction," and that there was "no clear indication that Congress meant to abolish wholesale all common-law immunities." *Id.* at 553–55. The Court went on to reiterate that "[t]his immunity applies even when the judge is accused of acting maliciously and corruptly." *Id.* at 554.

Accordingly, *Pierson* undermines the viability of Plaintiff's claims, which are rooted in core judicial functions.

## CONCLUSION

Given the foregoing, Plaintiff's Motion for Leave to Electronically File Documents (ECF No. 5) is **DENIED WITHOUT PREJUDICE** and her Amended Complaint (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE**. The Court continues to entertain serious doubts that Plaintiff will be able to cure her claims through amendment, but Plaintiff is nonetheless **GRANTED LEAVE TO AMEND** her Complaint. Plaintiff **SHALL FILE** an amended Complaint, if any, <u>within forty-five (45) days of the date on which this Order is electronically docketed</u>. If Plaintiff does not so file within the allotted time, or if Plaintiff again fails to allege any non-judicial acts performed by Defendant, Plaintiff's case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: November 18, 2024

Hon. Janis L. Sammartino
United States District Judge