UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARIA HERTA, Plaintiff, v. TERRIE E. ROBERTS, Defendant. | Case No.: 24-CV-1698 JLS (BLM)<br><br>**ORDER DENYING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS AND DISMISSING COMPLAINT WITH PREJUDICE**<br><br>(ECF Nos. 8, 9) |
|---|---|

Presently before the Court are Plaintiff Maria Herta's Amended Complaint ("SAC," ECF No. 8), and Motion for Leave to Electronically File Documents ("Mot.," ECF No. 9). Having considered both documents and the law, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Amended Complaint and **DENIES AS MOOT** Plaintiff's Motion for Leave to Electronically File Documents.

## BACKGROUND

This case arises out of a series of adverse rulings issued by Judge Terrie E. Roberts in a custody dispute between Plaintiff Maria Herta and her ex-husband, Marius Herta. SAC ¶ III.A.1. The underlying custody dispute had been stewing in San Diego County Superior Court—on which Judge Roberts sits—and eventually resulted in a final custody judgment on December 20, 2021. *Id.* Since that time, Plaintiff has suffered a series of additional setbacks in the proceedings before Judge Roberts and has made multiple attempts in federal

court to rectify violations of her constitutional rights Plaintiff alleges resulted from Judge Roberts's actions. *Id.* ¶¶ III.A.2, III.C.1–5.

Plaintiff previously filed a lawsuit in this Court with similar allegations to those presented in the instant matter on February 2, 2022, but that suit was dismissed due to Plaintiff's failure to either pay the required filing fee or to file a satisfactory motion to proceed *in forma pauperis* ("IFP"). *See Herta v. Roberts*, No. 22-cv-00156-LAB-RBB (S.D. Cal. June 1, 2022), ECF Nos. 1, 5. She then brought this lawsuit on September 23, 2024, where she advances several allegations related to purported constitutional violations perpetrated by Judge Roberts between 2022 and 2023. Specifically, Plaintiff takes issue with the following actions: (1) rescheduling a hearing without providing proper notice, SAC ¶ III.C.1; (2) reopening a final custody judgment and issuing a full custody order in favor of Plaintiff's ex-husband, *id.* ¶ III.C.2; (3) ratifying improper service of custody documents by Plaintiff's ex-husband's new wife, *id.* ¶ III.C.3; (4) dismissing evidence proffered by Plaintiff and removing Plaintiff from the courtroom "when [Plaintiff] questioned the legality and fairness of the custody decision," *id.* ¶ III.F.1; and (5) suggesting to Plaintiff's ex-husband that he hide his child from Plaintiff, *id.* ¶ III.G.1. This final action, Plaintiff says, was taken in retaliation for Plaintiff filing her first federal lawsuit against Judge Roberts.[1] *Id.* ¶ III.G.1.

As relevant here, the Court twice screened—based on Plaintiff's IFP status— prior Complaints pursuant to 28 U.S.C. § 1915(a). *See* ECF Nos. 3, 7. Both times, the Court noted the judicial nature of each of the acts complained of and dismissed Plaintiff's claims under the doctrine of judicial immunity. *See, e.g.*, ECF No. 7 at 5 ("Here, as before, all of Plaintiff's allegations describe judicial acts, thus shielding Defendant from civil liability."). However, despite "serious doubts that Plaintiff [would] be able to cure her claims through

---

[1] Plaintiff does not explain the precise circumstances under which Judge Roberts allegedly made this suggestion, but the entirety of the SAC takes place within the context of the underlying judicial proceedings. There is, thus, no plausible basis to believe, despite the absence of any detail, that Judge Roberts's suggestion was not made during a judicial proceeding.

amendment," the Court granted Plaintiff leave to make a third attempt to plead around judicial immunity, though it cautioned Plaintiff that if she "again fails to allege any non-judicial acts performed by Defendant, Plaintiff's case will be dismissed with prejudice." *Id.* at 6.

## LEGAL STANDARD

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). In addition, the Court must

liberally construe a *pro se* litigant's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 521–22 (1972).

## ANALYSIS

Plaintiff's SAC fails to address the Court's repeated concerns that Defendant is immune from suit. "To determine whether an act is judicial, [courts] consider these factors: whether '(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.'" *Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021) (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)). Recognizing these telltale signs of judicial functions, the Court previously rejected Plaintiff's contention that Judge Roberts undertook non-judicial acts that circumvent the shield of judicial immunity. *See* ECF No. 7 at 5.

Plaintiff's factual allegations in the SAC largely mimic the ones already held to be judicial acts twice before. Plaintiff, as before, asserts violations under 42 U.S.C. § 1983 of her procedural and substantive due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. SAC at 10. She also asserts a violation of the First Amendment of the United States Constitution for Judge Roberts's alleged retaliation in response to Plaintiff filing her first federal lawsuit, and she further asserts interference with her parental rights.[2] *Id.* These causes of action are all premised upon, broadly speaking, Judge Roberts's discretionary decision-making, both procedurally and substantively, in Plaintiff's underlying custody dispute. As the Court found in regard to their previous iterations, all of Plaintiff's claims "are rooted in core judicial functions," so

---

[2] Plaintiff includes two causes of action labeled as "Count 5," which are styled "Parental Alienation and Emotional Distress" and "Abuse of Power and Failure to Act in Best Interests of the Child," respectively. SAC at 11. Even under the liberal pleading standard extended to *pro se* litigants, the Court is unable to neatly categorize these causes of action in any meaningful way other than as violations of constitutional rights under 42 U.S.C. § 1983. Thus, the analysis that follows applies equally to all claims from Plaintiff's SAC.

they must be dismissed. *See* ECF No. 7 at 6; *see also Stump v. Sparkman*, 435 U.S. 349, 362–63 (1978) (finding acts judicial in nature when they are "the type of act normally performed only by judges").

For the sake of completeness, the Court makes one final point related to remedies. In her SAC, Plaintiff seeks compensatory and punitive damages, injunctive relief, and attorneys' fees. *See* SAC. The law is well-settled that, where judicial immunity attaches, none of these types of relief are permitted, either as a result of the common law—which bars suits seeking damages—or under 42 U.S.C. § 1983—which was expanded by Congress in 1996 to preclude the availability of injunctive relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity." *See Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018). This much the Court recognized, albeit implicitly, in prior screenings. *See* ECF No. 7 at 5.

Now, in her SAC, Plaintiff adds an additional request for a "declaration that Defendant Judge Terrie E. Roberts violated Plaintiff's constitutional rights under the Fifth, Fourteenth, and First Amendments." *See* SAC. The availability of declaratory relief under § 1983 is, under current law, an open question in this circuit. *See Lund*, 5 F.4th at 970 n.2 ("Our court has not yet explicitly answered whether the statutory amendment bars declaratory relief, so [the plaintiff] urges us to hold that it does not. But we leave that question for another day.").

But even if *prospective* declaratory relief may be available, *retrospective* declaratory relief is indisputably unavailable under the separate doctrine of Eleventh Amendment sovereign immunity, which "bars individuals from bringing lawsuits against a state for money damages or other retrospective relief" absent the state's consent or an unequivocal Congressional waiver. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016) (citing *Frew v. Hawkins*, 540 U.S. 431, 437 (2004)). This Eleventh Amendment immunity applies with full force to claims brought against a state court judge. *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees),

because such suits are barred by the Eleventh Amendment." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989))).  Here, Plaintiff seeks only retrospective declaratory relief in the form of a declaration that Judge Roberts has, in the past, violated Plaintiff's constitutional rights.  Such a request cannot be sustained.  *See Lund*, 5 F.4th at 970 ("We agree with [the defendant] that [the claim] seeks purely retrospective relief and thus cannot survive sovereign immunity.").

Accordingly, to the extent Plaintiff seeks retrospective declaratory relief, her claims are barred by Eleventh Amendment sovereign immunity.  And to the extent Plaintiff seeks monetary or injunctive relief, her claims are barred by judicial immunity.  Thus, the Court **DISMISSES** the SAC.  Although the Court ordinarily "should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment,'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)), Plaintiff has now been given multiple opportunities to isolate non-judicial conduct by Judge Roberts in the course of Plaintiff's underlying custody dispute that skirts judicial immunity.  Because "plaintiffs do not enjoy unlimited opportunities to amend their complaints," the Court does not grant Plaintiff leave to amend as it has done twice before.  *Stone v. Conrad Preby's*, No. 12-CV-2031-IEG (BLM), 2013 WL 139939, at *2 (S.D. Cal. Jan. 10, 2013) (citing *McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996)).

## CONCLUSION

Given the foregoing, Plaintiff's Amended Complaint (ECF No. 8) is **DISMISSED WITH PREJUDICE**.  Given this resolution of the Court's screening of the Amended Complaint under 28 U.S.C. § 1915(a), Plaintiff's Motion for Leave to Electronically File

/ / /
/ / /
/ / /
/ / /
/ / /

1  Documents (ECF No. 9) is **DISMISSED AS MOOT**.  As this concludes the litigation in
2  this matter, the Clerk of the Court **SHALL CLOSE** the file.
3       **IT IS SO ORDERED.**
4  Dated:  March 17, 2025

                        Hon. Janis L. Sammartino
                        United States District Judge